**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In the matter of | ) | No. CV-08-1004-PHX-FJM |
| Cole Sorenson<br>Liza Sorenson | )<br>)<br>) | **ORDER** |
| Debtors, | )<br>) | |
| David Blake, | )<br>) | |
| Appellant, | )<br>) | |
| vs. | )<br>) | |
| Cole Sorenson<br>Liza Sorenson | )<br>)<br>) | |
| Appellees. | )<br>)<br>) | |

  The court has before it appellant David Blake's opening brief (doc. 16), appellees Cole and Liza Sorenson's answering brief (doc. 17), and appellant's reply brief (doc. 18). For the reasons set forth below, we affirm the judgment of the bankruptcy court.

**I**

  In November 1998, David Blake injured himself by stepping into a hole at an Arizona public school. Blake hired Debtor Cole Sorenson, an Arizona lawyer and a State Bar Certified Specialist in personal injury and wrongful death litigation, to represent him in a personal injury action against the school district. Blake was required to file a notice of claim within 180 days of his injury under A.R.S. § 12-821.01(A). Because Sorenson failed to file

1  a notice of claim on Blake's behalf, Blake's claim was dismissed. Blake filed a legal
2  malpractice action against Cole and Liza Sorenson in the superior court and obtained a
3  default judgment.

4  Cole and Liza Sorenson filed a petition for Chapter 7 bankruptcy on October 10, 2005.
5  In April 2006, Blake filed an adversary claim in the bankruptcy proceeding alleging that his
6  default malpractice judgment was not dischargeable under 11 U.S.C. § 523(a)(6) because it
7  arose from a willful and malicious injury. On May 1, 2008, after briefing and a trial, the
8  bankruptcy court found that Blake's debt did not meet the requirements of section 523(a)(6)
9  and was dischargeable. Blake appeals.

**II**

11  On an appeal from a bankruptcy court, we "may affirm, modify, or reverse a
12  bankruptcy judge's judgment, order, or decree or remand with instructions for further
13  proceedings." Fed. R. Bankr. P. 8013. Legal conclusions are reviewed *de novo*, but findings
14  of fact will only be set aside if clearly erroneous. Id.; In re Alcala, 918 F.2d 99, 103 (9th Cir.
15  1990).

16  Blake contends that Sorenson's debt may not be discharged under 11 U.S.C.
17  § 523(a)(6), which provides that a debt "for willful and malicious injury by the debtor to
18  another entity or to the property of another entity" is not dischargeable. Only debts arising
19  from "a deliberate or intentional injury, not merely a deliberate or intentional act that leads
20  to injury" are exempt from discharge under this section. Kawaauhau v. Geiger, 523 U.S. 57,
21  61, 118 S. Ct. 974, 977 (1998). Blake must show by a preponderance of the evidence that
22  Sorenson's failure to file a timely notice of claim was both willful and malicious. In re
23  Sicroff, 401 F.3d 1101, 1106 (9th Cir. 2005).

24  Blake concedes that Sorenson had no subjective motive to inflict injury. He argues,
25  however, that Sorenson's conduct was willful because his injury was substantially certain to
26  arise from Sorenson's failure to file a notice of claim. While a "deliberate act with
27  knowledge that the act is substantially certain to cause injury is sufficient to establish willful
28  intent," In re Jercich, 238 F.3d 1202, 1208 (9th Cir. 2001), Blake has failed to show that

Sorenson's failure to file a notice of claim was a deliberate act. There is no evidence that Sorenson's failure to file stemmed from anything other than professional negligence. Negligent and reckless acts are insufficient to warrant exception from discharge under section 523(a)(6). See Kawaauhau, 523 U.S. at 64, 118 S. Ct. 974 (finding that a medical malpractice judgment did not fall within the 11 U.S.C. 523(a)(6) exception to discharge because it was attributable to negligent or reckless conduct).

Blake also claims that Sorenson's conduct was malicious and that the bankruptcy court erred by failing to consider maliciousness. We disagree. The bankruptcy court did not need to address whether Sorenson's conduct was malicious because Blake failed to show that it was willful. An injury is only malicious if it is done intentionally. Jercich, 238 F.3d at 1209. Blake contends that any lawyer knows that injury is substantially certain to follow if he misses the statute of limitations. This may be true but is, nevertheless, insufficient. Even if Sorenson knew that a failure to file a notice of claim would result in Blake's case being dismissed, there is no evidence that Sorenson intentionally missed the notice of claim deadline.

Accordingly, **IT IS ORDERED AFFIRMING** the judgment of the bankruptcy court.

DATED this 12th day of August, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge