**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the matter of | No. CV-08-01004-PHX-FJM |
| Cole Sorenson; Liza Sorenson, | **ORDER** |
| Debtors, | |
| David Blake, | |
| Appellant, | |
| vs. | |
| Cole Sorenson; Liza Sorenson, | |
| Appellees. | |

The court has before it appellees Cole and Liza Sorenson's "Rule 38 motion for attorneys' fees and costs on appeal" (doc. 21). Appellant David Blake did not respond.

**I.**

In 1999, Blake's then lawyer Cole Sorenson failed to timely file a notice of claim that was necessary for Blake to bring a personal injury action against a school district. Blake obtained a default malpractice judgment against Sorenson. In 2005, Sorenson and his wife filed a petition for Chapter 7 bankruptcy. Blake filed an adversary claim in the bankruptcy proceeding alleging that his malpractice judgment against Sorenson was not subject to discharge under 11 U.S.C. § 523(a)(6) because it arose from a willful and malicious injury.

On May 1, 2008, the bankruptcy court found that the malpractice judgment was dischargeable because Sorenson neither intended to injure Blake nor believed that injury was substantially certain to occur as a result of his conduct. On appeal to this court, Blake contended that, as a matter of law, personal-injury lawyers know that injury is substantially certain to occur if they miss a notice of claim deadline. We affirmed the bankruptcy court because Blake failed to show that Sorenson acted intentionally when he missed the deadline (doc. 19). The Sorensons now move for damages and costs resulting from a frivolous appeal.

## II.

A district court may award just damages and single or double costs to an appellee as a sanction for a frivolous appeal from a bankruptcy court judgment. Fed. R. Bankr. P. 8020. The standard applied is the same as under Rule 38, Fed. R. App. P. See Fed. R. Bankr. P. 8020 advisory committee's note. An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Maisano v. United States, 908 F.2d 408, 411 (9th Cir. 1990). The Sorensons contend that Blake's appeal was frivolous because injuries caused by negligent conduct constituting professional malpractice are clearly not willful and malicious under § 523(a)(6) and there was no evidence that Sorenson acted intentionally.

On appeal, Blake reformulated his theory for meeting the willfulness requirement by focusing on the act of missing the notice of claim deadline instead of on Sorenson's intentional conduct that resulted in the missed deadline. And he called for a change in an area of Ninth Circuit law subject to a circuit split. See In re Su, 290 F.3d 1140, 1144-46 (9th Cir. 2002) (distinguishing subjective knowledge of substantially certain injury based on circumstantial evidence from objective knowledge of substantially certain injury and acknowledging a circuit split). In doing so, Blake may not have realized that he undercut the factual foundation for his appeal because his new theory relied on an act which he could not show was intentional. We conclude that a sanction for a frivolous appeal is not warranted.

**IT IS THEREFORE ORDERED DENYING** appellees' "Rule 38 motion for attorneys' fees and costs on appeal" (doc. 21).

DATED this 11th day of December, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge